IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIMON WHERLEY, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:12-CV-0242-D |
| VS. | § |
| | § |
| JOHN SCHELLSMIDT, et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

Defendants John Schellsmidt and Unjoo Suh Schellsmidt, individually and d/b/a/ Audio Depot ("Audio Depot" or "defendants"), move for a new trial, under Fed. R. Civ. P. 59(a), and to alter or amend the judgment, under Rule 59(e), in this lawsuit alleging claims for unpaid overtime and retaliation under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* For the following reasons, the court denies the motion.[1]

I

This suit by plaintiff Kimon Wherley ("Wherley") to recover from defendants under the FLSA for unpaid overtime and retaliation was tried to a jury. Question No. 2 of the court's charge asked the jury whether "Wherley prove[d] that Audio Depot willfully violated the Fair Labor Standards Act." Ds. Mot. 3. The jury answered this question "Yes." *Id.* In

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Question No. 3, the court's charge asked, "[f]or each time period specified, what sum of money, if any, is owed to Wherley for unpaid overtime?" *Id.* The jury answered $8,068.95 for the time period of January 25, 2010 through December 26, 2011, and $0 for the time period of January 25, 2009 through January 24, 2010. *Id.* In Question No. 4, the court's charge asked the jury whether "Wherley prove[d] each of the essential elements of his Fair Labor Standards Act retaliation claim[,]" and the jury answered "No." Ct. Charge at 14.

Defendants move for a new trial under Rule 59(a), arguing that the jury's finding that they willfully violated the FLSA is inconsistent, and cannot be reconciled, with the jury's answer that Wherley is entitled to $0 overtime damages for January 25, 2009 through January 24, 2010. They move to alter or amend the judgment, under Rule 59(e), on the ground that the judgment states that "the jury returned a verdict in favor of plaintiff," and the jury in fact found in their favor on Wherley's retaliation claim. Ds. Mot. 5.

II

A

Under Rule 59(a), a court can grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Rule 59(a)(1)(A). A court can grant a new trial if it concludes that the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted). The court can also grant a new trial when the jury returns an inconsistent verdict that cannot be reconciled. *See Crossland v. Canteen Corp.*, 711 F.2d 714, 726 (5th

Cir. 1983); *Willard v. The John Hayward*, 577 F.2d 1009, 1011 (5th Cir. 1978) ("If the jury gives inconsistent answers to special interrogatories, the case must be remanded for a new trial.").

In determining whether answers are inconsistent, the court looks to "whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted." *FDIC v. Fid. & Deposit Co. of Md.*, 45 F.3d 969, 977 (5th Cir. 1995) (citation omitted). The jury's answers "should be considered inconsistent, however, only if there is no way to reconcile them." *Willard*, 577 F.2d at 1011. The court makes "a concerted effort to reconcile apparent inconsistencies in answers to special verdicts if at all possible." *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 343 (5th Cir. 2001). "Only if there is no view of the case that will make the jury's answers consistent may [a court] set aside [the jury's] decision." *Id.* (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 800 (5th Cir. 1998)).

B

Defendants maintain that, at trial, it was clearly explained to the jury that a finding that Audio Depot had willfully violated the FLSA triggered a third year of recoverable damages. They thus argue that the jury's finding that Audio Depot willfully violated the FLSA is inconsistent with its finding of $0 in overtime damages for the third year: January 25, 2009 through January 24, 2010. Defendants posit that the jury must have erred in its answer to Question No. 2 when it found that Audio Depot willfully violated the FLSA. Wherley responds that the jury's findings merely reflect that Audio Depot willfully violated the law but that Wherley did not carry his burden of proving the third year of damages, and

that the jury's answers can be reconciled on this basis. Defendants argue in reply that the trial record does not support a jury finding that Wherley's activities in 2009 were different in nature from 2010 or 2011. Accordingly, they maintain that any evidence that would support a discount of hours for the third year of damages would have to apply equally to the other two years.

C

The jury's award of $0 damages for the January 25, 2009 to January 24, 2010 time period is not inconsistent—as that concept is intended in the new trial context—with the jury's finding that defendants willfully violated the FLSA. In other words, following a concerted effort to reconcile the apparent inconsistency between these two answers, the court has determined that there is a view of the case that makes the jury's answers consistent.

29 U.S.C. § 255 provides that "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." *Id.* A plaintiff's right to recover three rather than two years' worth of damages based on a willful violation of the FLSA does not *require* that the jury award a third year of damages if the plaintiff fails to prove by a preponderance of the evidence that he incurred such damages or to prove the amount of damages he incurred during the third year. Therefore, it is not inconsistent for the jury to find that Audio Depot willfully violated the FLSA (making available the third year of damages) but also to find that Wherley did not prove by a preponderance of the evidence the amount of unpaid overtime compensation to which he was entitled. *See, e.g., Rogers v. McDorman*, 521 F.3d 381, 396 (5th Cir. 2008) (stating that the general rule is that "a finding

of liability but no damages does not necessarily render a verdict fatally inconsistent" because "zero damages awards can be understood to mean that [the plaintiff] failed to carry [his] burden of proof."). This is especially true given the small amount of unpaid overtime at issue in this lawsuit.[2]

Accordingly, defendants' motion for a new trial under Rule 59(a) is denied.

III

Defendants also request that the court alter or amend the judgment to clarify that the jury found for them on Wherley's FLSA retaliation claim. In other words, they object to the statement in the judgment that "[o]n February 6, 2014 the jury returned a verdict in favor of [Wherley] against defendants," Judg. at 1, without mentioning that the jury found in their favor on Wherley's retaliation claim. Because defendants do not ask for any specific substantive relief in relation to their request (for example, the retaxing of costs), the court denies their motion to alter or amend the judgment. While it is true that the jury found in defendants' favor on Wherley's retaliation claim, the recitation in the judgment is pertinent to an understanding of why the judgment awards Wherley the relief specified in the judgment. Absent a requested change in that specific relief, there is no reason to alter or amend the judgment to state that the jury verdict favored defendants in this one respect.

---

[2] The judgment awarded $8,068.95 in unpaid overtime for the two-year period for which Wherley was entitled to recover.

* * *

For the foregoing reasons, the court denies defendants' March 5, 2014 motion for new trial and to alter or amend judgment.

**SO ORDERED.**

April 23, 2014.

SIDNEY A. FITZWATER
CHIEF JUDGE